**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 25, 2022**

# In the Court of Appeals of Georgia

A23A0101. COLE v. THE STATE.

MCFADDEN, Presiding Judge.

A jury found Shakir Cole guilty of five counts of child molestation but failed to reach a verdict on a count alleging rape. The trial court then entered a judgment of conviction and sentenced Cole on the child molestation counts and placed the rape count on the dead docket. The trial court later denied Cole's motion for new trial, and Cole filed a notice of appeal from that order.

It appears from the record that the trial court had not disposed of the rape count at the time Cole filed his notice of appeal. But the trial court subsequently certified his ruling for immediate review, and Cole filed a separate, timely application for interlocutory review with this court.

Cole now moves to withdraw his direct appeal, correctly stating that because the rape count is on the dead docket, that count remains unresolved, the case remains pending, and so we lack jurisdiction over the direct appeal. Cole acknowledges in the motion that the direct appeal must be dismissed due to this jurisdictional infirmity.

As Cole notes, this case is controlled by *Seals v. State*, 311 Ga. 739 (860 SE2d 419) (2021). Our Supreme Court held in that decision that when a count of the indictment is dead-docketed, the case remains pending below, so the provisions of OCGA § 5-6-34 (a) (1) allowing a direct appeal from a final judgment do not apply. *Seals*, 311 Ga. at 739. Rather, to pursue an appeal, the defendant must follow the procedures for an interlocutory appeal, as Cole properly has done in a separate proceeding before this court. See OCGA § 5-6-34 (b); *Seals*, 311 Ga. at 739. Under these circumstances, we must dismiss his direct appeal. *Seals*, 311 Ga. at 379; *Spears v. State*, 360 Ga. App. 776, 777 (861 SE2d 619) (2021).

We also note, as we did in another case dealing with this issue, that

> [w]e share our Supreme Court's concerns about the practical consequences of *Seals* and join that Court's invitation to the General Assembly to consider "whether to amend OCGA § 5-6-34 (a) to allow for immediate appeals in cases where the only non-resolved counts are dead-docketed." Id. at 749 (4). In the interim, we encourage our trial

2

courts . . . to grant certificates of immediate review under OCGA § 5-6-34 (b)[,]

*Spears*, 360 Ga. App. at 777, as the trial court did in this case.

*Appeal dismissed. Brown and Markle, JJ., concur.*